775 A.2d 85

ROBERT WILLIAM MOSS, PLAINTIFF–APPELLANT, v. ROBERT C. SHINN, COMMISSIONER NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, JAMES F. HALL, ASSISTANT COMMISSIONER FOR NATURAL AND HISTORIC RESOURCES, AND GREGORY A. MARSHALL, DIRECTOR, DIVISION OF PARKS AND FORESTRY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 30, 2001—Decided May 23, 2001.

Before Judges HAVEY and LISA.

Robert William Moss, appellant, submitted a pro se brief.

*John J. Farmer, Jr.,* Attorney General of New Jersey, attorney for respondent (*Mary C. Jacobson,* Assistant Attorney General, of counsel; *A. Colleen Malloy,* Deputy Attorney General, on the brief).

PER CURIAM.

Plaintiff appeals from an order dismissing his complaint against Robert C. Shinn, Commissioner of the Department of Environmental Protection (DEP) and others, for failure to state a claim. *R.* 4:6–2(e).

Plaintiff, a hiker, seeks relief in the form of mandamus to compel the DEP to "correct" and "enforce" various trail-use restrictions governing the Ringwood State Park and a part of

Ramapo Mountain State Forest, which comprise a portion of the State Park. The DEP oversees the use of 200 miles of trails within Ringwood, and administers its roads, parking lots, bridges, bodies of water, historical districts, botanical gardens and 150 structures.

Specifically, in his complaint plaintiff seeks an order requiring the DEP to "correct the trail use sign at the junction of the Cooper Union Trail and Morris Avenue" and "to enforce trail use restrictions in Ringwood" by one of three methods: "instituting a volunteer bicycle patrol program with the following characteristics: ... six months after the initiation of the patrol, on no hiking-only trail in Ringwood shall an average of more than one bicycle per eight hours be seen on any three fair-weather weekend days; ... posting a ranger ... [or] closing Ringwood to bicycles...."

In dismissing the complaint, Judge Feinberg determined that the relief sought by plaintiff did not implicate the writ of mandamus, applicable when the inaction complained of is the nonperformance of mandated ministerial actions. *See Loigman v. Township Comm. of the Tp. of Middletown,* 297 *N.J.Super.* 287, 299, 687 *A.*2d 1091 (App.Div.1997); *Cohen v. Board of Trustees, Univ. of Med. & Dentistry of New Jersey,* 240 *N.J.Super.* 188, 199, 572 *A.*2d 1191 (Ch.Div.1989). Rather, the judge concluded that "[t]he decision of the DEP as to whether or not to designate trails, post rangers, maintain a voluntary patrol system, post a ranger or issue citations is not ministerial, but rather involves the application of the DEP's discretion and expertise."

We affirm substantially for the reasons expressed by Judge Feinberg in her comprehensive opinion reported at 341 *N.J.Super.* 327, 775 *A.*2d 243 (Law Div.2000).

Affirmed.