**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4087-15T4

JOHN THOMPSON AND
CAROL THOMPSON,

    Plaintiffs-Appellants,

v.

MANSFIELD TOWNSHIP, a
Municipal Corporation of
the State of New Jersey,
ROUTE 57 AUTO SALVAGE, INC.
and NICTO'S SERVICE, INC.,
d/b/a WOODLAND AUTO SALES,

    Defendants-Respondents.

_____

        Argued September 28, 2017 — Decided November 20, 2017

        Before Judges Simonelli, Haas and Gooden
        Brown.

        On appeal from the Superior Court of New
        Jersey, Law Division, Warren County, Docket
        No. L-0412-14.

        Allen Hantman argued the cause for appellant
        (Morris & Hantman, attorneys; Mr. Hantman, on
        the briefs).

        James F. Moscagiuri argued the cause for
        respondent Mansfield Township (Lavery,

Selvaggi, Abromitis & Cohen, attorneys; Mr. Moscagiuri, on the brief).

Paul E. Rusen argued the cause for respondents Route 57 Auto Salvage, Inc. and Nicto's Service, Inc., d/b/a Woodland Auto Sales (Collins Toner & Rusen, LLC, attorneys, join in the brief of respondent Mansfield Township).

PER CURIAM

Defendants Route 57 Auto Salvage, Inc. and Nicto's Service, Inc. (collectively, Route 57) operate an auto salvage yard and used car dealership on property located across the street from property owned by plaintiffs John Thompson and Carol Thompson in Mansfield Township. The Township's Zoning Officer determined that this use of the property constituted a legal pre-existing, non-conforming use. Plaintiffs claim that Route 57, which acquired the property in 2008, expanded the use beyond the area of the permitted use in violation of the zoning ordinances.

Beginning in 2008, plaintiffs complained to the Township that Route 57 illegally used the property as a used car dealership and expanded the operation of the auto salvage yard beyond the permitted area.[1] In March 2008, the Township's Zoning Officer investigated plaintiffs' complaints and found the property was legally used as an auto salvage yard and used car dealership prior

---

[1] We shall sometimes collectively refer to Route 57 and the Township as defendants.

to the effective date of the current zoning scheme prohibiting junk yards. The Zoning Officer concluded that such use was a protected pre-existing, non-conforming use. In January 2010, the Township's new Zoning Officer confirmed that use of the property as an auto salvage yard and used car dealership was a protected pre-existing, non-conforming use.

Plaintiffs appeared at Township Committee meetings and reiterated their complaints about Route 57's alleged illegal use of the property. The Zoning Officer investigated the complaints and issued notices of violation to Route 57 when he found violations. The violations were resolved by a Municipal Court order, which imposed certain conditions on Route 57's use of the property. The Zoning Officer conducted site inspections to carry out the substance of the order, and imposed additional conditions. Route 57 complied with all conditions.

Plaintiffs did not administratively appeal the Zoning Officer's decision. In December 2014, they filed a complaint in lieu of prerogative writs. Plaintiffs sought mandamus relief compelling the Township to enforce its zoning ordinances, and issue a complaint and cease and desist order to Route 57 for zoning violations and misuse of the property. Plaintiffs also sought to enjoin Route 57 from using the property beyond the area of the permitted use for any commercial purpose. In their respective

A-4087-15T4

answers, defendants asserted that the complaint failed to state a claim upon which relief can be granted and was time-barred.

The parties appeared at a case management conference on February 26, 2015, and discussed whether plaintiffs had a cognizable cause of action against defendants. The court entered a case management order that day, requiring the parties to submit briefs and supporting documents addressing this issue. No one objected to this procedure. In a June 30, 2015 amended case management order, the court extended plaintiffs' time to submit their brief and supporting documents for sixty days, with defendants submitting their briefs and supporting documents thirty days thereafter.

All parties submitted briefs and supporting certifications and documents. Route 57's supporting certification confirmed that the property had been legally used as an auto salvage yard and used car dealership since 1953. On October 13, 2016, the parties appeared at a conference, where they discussed their respective submissions with the court. The record does not reveal that any party requested oral argument or a plenary hearing.

The court entered an order on November 4, 2015, dismissing the complaint with prejudice as to the Township. In a written statement of reasons, the court found that plaintiffs' claim against the Township was precluded as a matter of law because

mandamus was not available for discretionary acts where the Zoning Officer properly exercised his discretion in determining that use of the property as an auto salvage yard and a used car dealership constituted a pre-existing, non-conforming use consistent with historical use. The court also found that pursuant to Rule 4:69-5, an action in lieu of prerogative writs was not maintainable because plaintiffs failed to exhaust their administrative remedies under N.J.S.A. 40:55D-70 by first appealing the Zoning Officer's decision to the Township's Zoning Board of Adjustment (Board). Lastly, the court found the complaint was untimely under Rule 4:69-6(b)(3).

Plaintiffs filed a motion for reconsideration, arguing "[t]here was no motion filed by the defendants, there was no argument on the record, and there were no reasons set forth on any record for the entry of the November 4, 2015 [o]rder." Plaintiffs also argued "that the methodology used here to dismiss the case was inconsistent with the Rules of Court[;]" however, they did not identify any Rule that was violated.

The court entered an order on January 8, 2016, denying the motion. In a written statement of reasons, the court found that the methodology used to determine whether plaintiffs had a cognizable claim against defendants did not violate the Rules of Court; plaintiff was properly noticed and consented to the

methodology used; the parties submitted briefs; and the court had issued a written statement of reasons. The court did not find its ruling was plainly incorrect or that it failed to consider relevant evidence, and found plaintiffs presented no new information to warrant reconsideration.

We subsequently denied plaintiffs' motion for leave to appeal. Thereafter, in an April 20, 2016 order, the court sua sponte dismissed the complaint with prejudice. In a written statement of reasons, the court found the complaint had been dismissed with prejudice as to the Township, and a prerogative writs action could not continue against Route 57 without the municipal defendant.

Plaintiffs appeal from the January 8, 2016 and April 20, 2016 orders.[2] On appeal, plaintiffs contend the court improperly dismissed this action without a hearing and fact-finding. We disagree. Plaintiffs had notice of defendants' claim that the complaint failed to state a claim upon which relief can be granted, had notice of, and did not object to, the procedure the court

---

[2] Plaintiffs did not address the dismissal of the complaint with prejudice as to Route 57 in their merits brief. The issue, therefore, is deemed waived. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div.), certif. denied, 222 N.J. 17 (2015); Pressler & Verniero, Current N.J. Court Rules, comment 5 on R. 2:6-2 (2018).

employed to address this issue, and were afforded ample and meaningful opportunity to respond. See Klier v. Sordoni Skanska Const. Co., 337 N.J. Super. 76, 84 (App. Div. 2001) (citations omitted). Further, the judge made factual and legal determinations in a written opinion.

That being said, we address plaintiffs' remaining contention that because their complaint set forth a cause of action, the court erred in denying reconsideration. Plaintiffs argue there were no administrative remedies available, and N.J.S.A. 40:55D-70 does not provide an appropriate remedy against a municipality. Plaintiffs also argue that the forty-five day limitation period under Rule 4:69-6(b)(3) does not apply because they received no notice of the Zoning Officer's actions.[3]

We have determined that reconsideration

> is not appropriate merely because a litigant
> is dissatisfied with a decision of the court
> or wishes to reargue a motion, but should be
> utilized only for those cases which fall into
> that narrow corridor in which either 1) the
> [c]ourt has expressed its decision based upon
> a palpably incorrect or irrational basis, or
> 2) it is obvious that the [c]ourt either did
> not consider, or failed to appreciate the

---

[3] Plaintiffs rely on an unpublished opinion to also argue that the Zoning Officer lacked authority to decide the status of the property's pre-existing, non-conforming use after one year of the adoption of the ordinance that rendered the use nonconforming. Because unpublished opinions do not constitute precedent or bind us, we reject this argument. Trinity Cemetery Ass'n v. Twp. of Wall, 170 N.J. 39, 48 (2001); R. 1:36-3.

> significance of probative, competent
> evidence.
> [Palombi v. Palombi, 414 N.J. Super. 274, 288
> (App. Div. 2010) (citations omitted).]

We will not disturb a trial judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citation omitted). An "abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

We agree with plaintiffs that the forty-five day limitation period under Rule 4:69-6(b)(3) does not apply. The Rule requires "the publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality[.]" The Rule does not permit verbal or constructive notice. There is no evidence of a notice published in a municipal newspaper of the Zoning Officer's determination. Accordingly, the court erred in finding the complaint was untimely.

8

Nevertheless, the court properly dismissed the complaint with prejudice as to the Township as a matter of law. Citizens may bring prerogative writ actions to challenge agency decisions or actions. Alexander's Dep't Stores v. Paramus, 125 N.J. 100, 107 (1991) (citation omitted). The court's jurisdiction extends not only to an agency's action, but also to inaction. Caporusso v. N.J. Dep't of Health & Senior Servs., 434 N.J. Super. 88, 101 (App. Div. 2014) (citation omitted). "As is the case with all equitable remedies, the court must exercise its discretionary authority to issue a writ of mandamus carefully, in furtherance of essential justice, and 'subject to important and well-defined qualifications.'" Mullen v. Ippolito Corp., 428 N.J. Super. 85, 102 (App. Div. 2012) (quoting Garrou v. Teaneck Tryon Co., 11 N.J. 294, 302 (1953)).

"To bring an action in lieu of prerogative writs, a plaintiff must show that the appeal could have been brought under one of the common-law prerogative writs[.]" Vas v. Roberts, 418 N.J. Super. 509, 522 (App. Div. 2011) (quoting Alexander's Dep't Stores, supra, 125 N.J. at 107). "Included among the common law prerogative writs is mandamus, which is a writ directing government officials to carry out required ministerial duties." Caporusso, supra, 434 N.J. Super. at 100 (quoting In re Application of LiVolsi, 85 N.J. 576, 594 n.18 (1981)).

"A ministerial duty is one that 'is absolutely certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion.'" Id. at 102 (quoting Ivy Hill Park Apartments v. N.J. Prop. Liab. Ins. Guar. Ass'n, 221 N.J. Super. 131, 140 (App. Div. 1987), certif. denied, 110 N.J. 188 (1988)). "In other words, 'mandamus is an appropriate remedy (1) to compel specific action when the duty is ministerial and wholly free from doubt, and (2) to compel the exercise of discretion, but not in a specific manner.'" Ibid. (quoting Vas, supra, 418 N.J. Super. at 522). However,

> [m]andamus is not an available remedy if the duty to act is a discretionary one and the discretion has been exercised. Absent a showing that there was a lack of good faith or other invidious reason for the action or inaction, mandamus cannot be invoked to force [an] agency to prosecute.
>
> [Moss v. Shinn, 341 N.J. Super. 327, 341 (Law Div. 2000), aff'd, 341 N.J. Super. 77 (App. Div. 2001).]

Further, mandamus relief to compel municipal officials to enforce zoning ordinances is not absolute. "[B]oth the plaintiff's right to the relief requested and the defendant's duty to perform it must 'legally be clear.' Mandamus relief 'must be denied where equity or paramount public interest so dictates or there is other

adequate relief available.'"  Mullen, supra, 428 N.J. Super. at 102 (quoting Garrou, supra, 11 N.J. at 302).  "[T]he 'relief must realistically be adequate and the theoretical possibility of indictment of the public official is no barrier to mandamus.'" Ibid. (quoting Garrou, supra, 11 N.J. at 303).  Those seeking mandamus relief to enforce a zoning ordinance must show:

> (1) . . . that there has been a clear violation of a zoning ordinance that has especially affected the plaintiff; (2) a failure of appropriate action despite the matter having been duly and sufficiently brought to the attention of the supervising official charged with the public duty of executing the ordinance; and (3) the unavailability of other adequate and realistic forms of relief.
>
> [Id. at 103 (citing Garrou, supra, 11 N.J. at 302-04).]

Mandamus was not an appropriate remedy in this case. Plaintiffs sought to compel the Township to issue a complaint and cease and desist order to Route 57 for zoning violations and misuse of the property.  The Township's duty to do so was not ministerial. Rather, it was discretionary and plaintiffs sought to compel the Township to exercise its discretion in a specific manner, which the law prohibits.  Further, the discretionary act had been exercised by the Zoning Officer, and there was no showing of a lack of good faith or other invidious reason for his action or inaction.

11

In addition, there was no clear violation of the zoning ordinances. Route 57's use of the property as an auto salvage yard and used car dealership is a protected pre-existing, non-conforming use. When plaintiffs complained that Route 57 expanded its use of the property beyond the permitted area, their complaints did not go unaddressed. Rather, the Zoning Officer investigated the complaints, issued notices of violations when appropriate, and imposed conditions on Route 57's use of the property in accordance with the historical, permitted use. The Zoning Officer took appropriate action and enforced the zoning ordinances. Thus, plaintiffs' complaint in lieu of prerogative writs was properly dismissed as a matter of law.

In addition, if plaintiffs were dissatisfied with the Zoning Officer's decisions or refusal to enforce the zoning ordinances, there was administrative relief available to them. Municipal zoning boards of adjustment are authorized to "[h]ear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance[.]" N.J.S.A. 40:55D-70(a) (emphasis added). A formal determination from the administrative officer is not required for an appeal to the board of adjustment. "Appeals to the board of adjustment may be taken by any interested party

affected by _any decision_ of an administrative officer of the municipality based on or made in the enforcement of the zoning ordinance or official map." _N.J.S.A._ 40:55D-72(a) (emphasis added). "Such appeal shall be taken within [twenty] days by filing a notice of appeal with the officer from whom the appeal is taken specifying the grounds of such appeal." _Ibid._

"Except where it is manifest that the interest of justice requires otherwise, actions [in lieu of prerogative writs] shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted." _R._ 4:69-5; _see also_ _Mullen_, _supra_, 428 _N.J. Super._ at 104. Exceptions to this requirement include cases where only a question of law needs to be determined, administrative remedies would be futile or result in irreparable harm, the agency's jurisdiction is doubtful, and an overriding public interest warrants a swift judicial determination. _Abbott v. Burke_, 100 _N.J._ 269, 298 (1985) (citations omitted). None of these exceptions applies here.

Whether Route 57 exceeded the parameters of the permitted non-conforming use is a question of fact the Board was best equipped to determine. Plaintiffs offer no evidence suggesting that an appeal to the Board would have been futile or resulted in irreparable harm. Plaintiffs also do not argue that an overriding public interest warranted judicial determination. Given that

13

N.J.S.A. 40:55D-70(a) and N.J.S.A. 40:55D-72(a) confer the power to hear any appeals from a zoning officer's decision or refusal to act to the board of adjustment and none of the Abbott exceptions apply, plaintiffs were obligated to exhaust their administrative remedies before filing suit. R. 4:69-5. Their failure to do so warranted dismissal of their complaint with prejudice as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4087-15T4